# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs March 30, 2010

## STATE OF TENNESSEE v. MICHAEL ORLANDO FREEMAN

**Appeal from the Criminal Court for Hamilton County**
**No. 268866     Barry A. Steelman, Judge**

---

**No. E2009-01758-CCA-R3-CD - Filed July 14, 2010**

---

The Defendant, Michael Orlando Freeman, pled guilty to robbery, a Class C felony, in the Criminal Court of Hamilton County with sentencing to be determined by the trial court. The trial court sentenced the Defendant as a Range I, standard offender to five years' incarceration. In this appeal as of right, the Defendant contends that the trial court erred in its application of enhancement factors to his sentence and in its denial of alternative sentencing. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court
is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Daniel J. Ripper, Chattanooga, Tennessee, attorney for appellant, Michael Orlando Freeman.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; William H. Cox, III, District Attorney General; and Steve Smith, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

## OPINION

The Defendant and a codefendant were indicted for the June 5, 2008 aggravated robbery of a Kentucky Fried Chicken (KFC) employee, Barbara Ledet. In a separate count, both were also indicted for unlawful possession of a weapon. On July 8, 2009, the Defendant entered a guilty plea without any agreement as to sentence to the lesser offense of robbery. The second count of the indictment was dismissed pursuant to the plea agreement.

At the August 13, 2009 sentencing hearing, James Rox of the Tennessee Board of Probation and Parole testified that the Defendant submitted a statement expressing remorse for his involvement in the robbery. Mr. Rox also stated that the nineteen-year-old Defendant had prior convictions of two separate instances of domestic assault and one count of misdemeanor vandalism. Mr. Rox recalled that, according to the affidavit of complaint, the Defendant did not possess a handgun during the offense and remained near the back door of the restaurant while his codefendant committed the robbery. The affidavit of complaint also indicated that four other employees were in the restaurant when the robbery occurred. The presentence report reflects that the Defendant admitted to being a daily marijuana user since age twelve. The Defendant also had a tumultuous family history following his parents' incarceration for federal drug convictions when he was six years old. The Defendant's sister testified regarding their childhood as well and confirmed that she and her brother spent most of their childhood moving from various family members' homes, foster homes, and group homes.

The Defendant testified that he had intended to complete high school but was unable to because of his arrest for the robbery. He acknowledged his responsibility for assisting in the robbery since he had worked at KFC for almost two years and knew that the back door to the restaurant did not lock properly, but the Defendant stated that it was his codefendant's idea to commit the offense. The Defendant also testified that he telephoned the KFC manager, his former boss, and apologized to her for the robbery. At the joint sentencing hearing, the codefendant testified on his own behalf and disputed that he planned the robbery.

The trial court noted that the negotiated plea resulted from both defendants' cooperation and willingness to admit their guilt but that the facts still clearly supported an aggravated robbery conviction. Relative to the Defendant's sentence, the trial court found that the Defendant possessed a history of criminal convictions, the offense involved more than one victim, and the Defendant had no hesitation about committing a crime when the risk to human life was high. See Tenn. Code Ann. § 40-35-114(1),(3), and (10). The trial court noted as mitigation the Defendant's youth and troubled childhood. The trial court imposed a sentence of five years based upon its weighing of these factors. The trial court denied alternative sentencing based upon its findings that granting probation would depreciate the seriousness of the offense. The trial court particularly noted that the Defendant had worked for KFC for almost two years and had utilized knowledge gained from that employment relationship to commit the offense.

ANALYSIS

Length of Sentence

The Defendant contends that the trial court improperly weighed the enhancement and mitigating factors in arriving at his five year sentence. He argues that the enhancement factor concerning lack of hesitation when the risk to human life was high should not be applied because it is inherent in robbery. The State responds that the weight afforded any sentencing factors cannot be disturbed on appeal and that the application of factor (10) was proper when the Defendant's conduct placed persons other than the victim at risk of harm.

An appellate court's review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). As the Sentencing Commission Comments to this section note, on appeal the burden is on the Defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, the court may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991); see also State v. Carter, 254 S.W.3d 335 (Tenn. 2008).

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this respect, for the purpose of meaningful appellate review,

> [T]he trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence.

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994) (citation omitted); see Tenn. Code Ann. § 40-35-210(e).

Tennessee's sentencing act provides:

(c) The court shall impose a sentence within the range of punishment, determined by whether the defendant is a mitigated, standard, persistent, career, or repeat violent offender. In imposing a specific sentence within the range of punishment, the court shall consider, but is not bound by, the following advisory sentencing guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and
>
> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c)(1)-(2).

The weight to be afforded an enhancement or mitigating factor is left to the trial court's discretion so long as its use complies with the purposes and principles of the 1989 Sentencing Act and the court's findings are adequately supported by the record. Id. § (d)-(f); Carter, 254 S.W.3d at 342-43. "An appellate court is therefore bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in . . . the Sentencing Act." Carter, 254 S.W.3d at 346. As explained by our supreme court in Carter, the 2005 amendments to the Sentencing Act now afford the trial court such greater discretion that:

> the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of the [Sentencing Act].'"

Carter, 254 S.W.3d at 343 (citing Tenn. Code Ann. § 40-35-210(d)). Accordingly, on appeal we may only review whether the enhancement and mitigating factors were supported by the record and their application was not otherwise barred by statute. See id.

In conducting its de novo review, the appellate court must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, (7) the defendant's potential for rehabilitation or treatment, and (8) any statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses in Tennessee. Tenn. Code Ann. §§ 40-35-102, -103, -210; see also Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229, 236-37 (Tenn. 1986).

Initially, we note that the trial court correctly considered that the Defendant had no hesitation about committing a crime in which the risk to human life was high. This

enhancement factor is not an essential element of robbery. State v. Lavender, 967 S.W.2d 803 (Tenn. 1998). Furthermore, the Defendant's conduct placed four other employees other than the victim at risk. State v. Sims, 909 S.W.2d 46 (Tenn. Crim. App. 1995). Accordingly, with the previously discussed principles in mind, this court cannot disturb the weight afforded mitigating and enhancement factors properly applied by the trial court. The record reflects that the trial court considered the purposes and principles of sentencing in arriving at its decision and the findings of the trial court comport with the principles of the Sentencing Act. Therefore, we affirm the five-year sentence imposed by the trial court.

## *Denial of Alternative Sentencing*

The Defendant also argues that the trial court's denial of alternative sentencing was improper. Specifically, he claims that the trial court did not give proper consideration to his amenability to correction in denying alternative sentencing. The State contends that the trial court properly denied alternative sentencing based upon the need to avoid depreciating the seriousness of the offense.

The Defendant was convicted of a Class C felony. Therefore, he was to be "considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (2006). However, this consideration does not automatically entitle a defendant to alternative sentencing; rather, sentencing issues must be determined by the facts and circumstances presented in each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing Moss, 727 S.W.2d at 235). The defendant must establish his suitability for alternative sentencing. Tenn. Code Ann. § 40-35-303(b). In determining a defendant's suitability for alternative sentencing, the trial court should consider whether (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. Ashby, 823 S.W.2d at 169 (citing Tenn. Code Ann. § 40-35-103(1)(A)-(C)). A trial court should also consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code. Ann. § 40-35-103(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996).

In denying alternative sentencing, the trial court expressed great concern over the Defendant's conduct and position as an employee where the robbery occurred. The trial court stated that

-5-

It takes a certain personality that is different from most people to cross the line necessary to go into a legitimate business with a firearm, order people around and take money by force.

With regard to [the Defendant], it takes a certain kind of personality to do that with regard to somewhere where he's worked and where he's gained the advantage of knowing how to successfully complete that act as a result of having worked there.

. . . . [A]nd something punitive should be done when individuals make the conscious decision  and choice to load up, take a gun, go in by force and take money.  They endanger themselves, they endanger the people working and they endanger the public at large.  So confinement is certainly necessary to avoid depreciating the seriousness of th[is] offense[ ].

These concerns are supported by the record.  We conclude that the trial court gave appropriate consideration to the sentencing factors in arriving at its determination. Accordingly, we conclude that the trial court properly denied alternative sentencing in this case.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE